UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:21-CR-00302-01** |
| | **CIVIL NO. 3:23-CV-01136** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRANDON HOLMES** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") [Doc. No. 59] filed by Defendant Brandon Holmes ("Holmes"). An Opposition [Doc. No. 66] was filed by the United States of America ("the Government"), and a Reply [Doc. No. 67] was filed by Holmes.

In his Motion to Vacate, Holmes alleges he received ineffective assistance of counsel from his trial and appellate attorneys. For the reasons set forth herein, Holmes's Motion to Vacate [Doc. No. 59] is **DENIED**.

**I.   BACKGROUND**

On December 1, 2021, a federal grand jury returned a three-count indictment charging Holmes with Distribution of Methamphetamines on March 29, 2021, April 7, 2021, and January 25, 2021.[1] A jury trial was set for July 18, 2022.[2] On June 2, 2022, pursuant to a written plea agreement, Holmes pled guilty to Count I of the Indictment. On September 13, 2022, Holmes was sentenced to 204 months imprisonment, followed by five (5) years of supervised release.[3]

---

[1] [Doc. No. 1]
[2] [Doc. No. 28]
[3] [Doc. No. 43]

The Presentence Investigation Report ("PSI")[4] found Holmes had a total offense level of 31 and a criminal history of VI, with a guideline range of 188-235 months.[5] The PSI also noted Holmes qualified for sentencing as a career offender pursuant to USSG § 4B1.1 because he had at least two prior felony convictions for either a qualifying controlled substance offense or a crime of violence.[6]

A Pre-Sentencing Memorandum[7] and an Objection to the PSI[8] was filed by Holmes's trial counsel. In Holmes's Pre-Sentencing Memorandum, Holmes's attorney asked for a downward deviation and proposed a sentence between 70 and 87 months.

After the sentencing, Holmes filed a Notice of Appeal[9] and appealed the sentence. On appeal, Holmes maintained his sentence of 204 months was substantively unreasonable and that the District Court erroneously balanced the 18 U.S.C. § 3553(a) factors. On May 17, 2023, the United States Court of Appeals for the Fifth Circuit affirmed Holmes's sentence.[10]

On May 16, 2023, Holmes filed a pro-se Motion to Reduce Sentence,[11] entitled a "Motion to Declare a Policy Disagreement with Methamphetamine Guidelines Pursuant to First Step Act." After an opposition and reply, this Court DENIED the motion on July 27, 2023.[12] Holmes also filed a Motion to Produce Distribution Films,[13] which was DENIED on July 11, 2023.[14]

---

[4] [Doc. No. 45]
[5] [Doc. No. 45, p. 18, ¶ 86]
[6] A 2004 conviction for aggravated second degree battery and a 2010 conviction for distribution of cocaine [Doc. No. 45, p. 9]
[7] [Doc. No. 39]
[8] [Doc. No. 35]
[9] [Doc. No. 46]
[10] [Doc. No. 51]
[11] [Doc. No. 50]
[12] [Doc. No. 58]
[13] [Doc. No. 55]
[14] [Doc. No. 56]

In the present Motion to Vacate, Holmes alleges his trial counsel and appellate counsel were legally ineffective by:

(1) not making the Government prove Holmes actually distributed drugs;

(2) not objecting to the PSI that the charge of Second Degree Battery does not qualify as a crime of violence used to enhance Holmes as a career offender;

(3) not objecting to the one (1) point for disturbing the peace;

(4) not filing a motion for a categorial disagreement with the methamphetamine guidelines; and

(5) failing to submit Holmes' Pro Se brief that argued that aggravated second degree battery was not a crime of violence.

## II. LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

Relief under 28 U.S.C. § 2255 is reserved for transgressors of constitutional rights and for a named range of injuries that could not have been raised on direct appeal and would, if considered, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255. *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice.

The first prong of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994). To meet the second prong, the defendant must show that counsel's deficient performance resulted

in "actual prejudice" to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id at 694.

The defendant must establish both prongs of this test to prevail. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997). An attorney cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415, n.5 (5th Cir. 1995). Additionally, counsel is not required to make futile motions or objections. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984).

**B.     Specific Arguments**

**1.     Failing to Make the Government Prove Holmes Actually Distributed Drugs**

Holmes plead guilty to Count One of the Indictment. In applying *Strickland* to cases involving guilty pleas, to show prejudice, a defendant is required to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The test is objective and turns on what a reasonable person in the defendant's shoes would do. *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988).

Holmes plead guilty to Count One, under a plea agreement where Count Two and Count Three were dismissed. The PSI[15] indicated that from December 22, 2020, through April 7, 2021, Holmes engaged in five separate transactions involving the sale of methamphetamines. All sales involved a reliable confidential informant, and several of the transactions (including Count One) involved audio and video recording equipment. When he plead guilty to Count One, Holmes stated,

---

[15] [Doc. No. 45, pp. 4-7]

under oath, that his plea was voluntary,[16] that he was satisfied with the job his attorney had done[17] and that no one had threatened him, tricked him, or forced him to plead guilty.[18] Holmes also testified that he was not made a promise as to what his sentence was going to be[19] and also testified that, as charged in Count One, he distributed more than five grams of methamphetamine.[20] Holmes further stated he had no disagreement with the written factual basis[21] in the Rule 11 package, which stated that Holmes distributed methamphetamine of more than five grams on March 29, 2021.

Holmes' attorney was not ineffective in advising Holmes to plead guilty. Holmes admitted he committed the offense, the factual basis (which Holmes agreed with) showed the sale of 18.75 grams of methamphetamine was audio and video recorded, showing Holmes' face. This Court found Holmes' plea was knowing and voluntary.[22] Holmes has not established that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59.

## 2. Failing to Object to the Crime of Second-Degree Aggravated Battery Qualifying as a Crime of Violence.

Holmes maintains his attorney was ineffective in failing to object to the crime of second-degree aggravated battery being included as a crime of violence in the PSI. The second-degree aggravated battery charge was used to categorize Holmes as a Career Offender.

In his motion, Holmes cites the case of *United States v. Hernandez-Rodriguez*, 788 F.3d 193 (5th Cir. 2015) in support of his argument. However, as pointed out by the Government, *Hernandez-Rodriguez* does not stand for the proposition that second degree aggravated battery is

---

[16] [Doc. No. 47, pp 14-15]
[17] [Doc. No. 47, p. 4]
[18] [Doc. No. 47, p. 11]
[19] [Doc. No. 47, p. 12]
[20] [Doc. No. 47, p. 14]
[21] [Doc. No. 32-2]
[22] [Doc. No. 47, p. 15]

not a crime of violence. Additionally, *Hernandez-Rodriguez* was expressly overruled by *United States v. Reyes-Contreras*, 910 F.3d 169, 187 (5th Cir. 2018). Holmes' appellate counsel informed Holmes of this on April 27, 2023.[23] Therefore, there was no ineffective assistance of counsel to make to a meritless argument.

### 3. Failure to Object to the One Criminal Point for Disturbing the Peace

Holmes maintains his attorney was ineffective in failing to object to the one point added to his Criminal History for a disturbing the peace conviction.[24] However, the point was correctly given. Pursuant to U.S.S.G. § 4A1.2(c)(1) the misdemeanor of disturbing the peace is counted if the term of imprisonment was at least 30 days. Since Holmes was sentenced to 30 days, it was correct for one Criminal History point to be added.[25]

Since the criminal history point was correctly added, Holmes' attorney was not ineffective in failing to object to it.

### 4. Failing to File Holmes' Motion for a Categorical Disagreement with the Methamphetamine Guideline

Holmes argues his attorney was ineffective in not filing a motion for a categorical policy disagreement with the methamphetamine guidelines. It appears this was a pro se brief sent by Holmes to be filed to the Fifth Circuit on appeal. However, there is no constitutional right to "hybrid representation." *United States v. Steinbrecher*, 112 F. App'x 987, 988 (5th Cir. 2004).

Additionally, Holmes evidently sent the motion himself to the Fifth Circuit and Holmes was informed that only his attorney could file documents on his behalf.[26] The record also reflects that Holmes's trial attorney filed a Sentencing Memorandum on Holmes's behalf, which argued

---

[23] [Doc. No. 59, p. 5]
[24] [Doc. No. 59, p. 2]
[25] [Doc. No. 45, p. 12, ¶ 56]
[26] [Doc. No. 66-1, p. 2]

6

that cases involving methamphetamine create disconcertingly high sentencing ranges[27] and asked for a downward direction.

Holmes has not met his burden in showing ineffective assistance of counsel for this claim.

### 5. Failing to Submit Holmes' Pro Se Brief Arguing That Aggravated Second Degree Battery Was Not a Crime of Violence.

Holmes argues that he had a viable argument that La. R.S. 14:34 was not a crime of violence and that his trial attorney was ineffective in failing to submit it. However, as previously discussed, the case cited by Holmes did not hold aggravated second degree battery was not a crime of violence and even if it had, the case cited had been overruled.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Brandon Holmes's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 59] is **DENIED**.

MONROE, LOUISIANA, this 15th day of November, 2023.

_____
Terry A. Doughty
United States District Judge

---

[27] [Doc. No. 39, pp. 5-6]