UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00302-01** |
| | **CIVIL NO. 3:23-CV-01136** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRANDON HOLMES** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### AMENDED MEMORANDUM RULING

Pending before the Court is a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 59] filed by Defendant Brandon Holmes ("Holmes"). Holmes bases his motion on claims of ineffective assistance of counsel from his trial and appellate attorneys. An Opposition [Doc. No. 66] was filed by the United States of America ("the Government"), and a Reply [Doc. No. 67] was filed by Holmes.

Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing. For the reasons set forth herein, Holmes's Motion is **DENIED**.

**I. BACKGROUND**

On December 1, 2021, a federal grand jury returned a three-count indictment charging Holmes with Distribution of Methamphetamines on March 29, 2021, April 7, 2021, and January 25, 2021.[1] A jury trial was set for July 18, 2022.[2] On June 2, 2022, pursuant to a written plea agreement, Holmes pled guilty to Count I of the Indictment. On September 13, 2022, Holmes was sentenced to 204 months imprisonment, followed by five (5) years of supervised release.[3]

---

[1] [Doc. No. 1]
[2] [Doc. No. 28]
[3] [Doc. No. 43]

The Presentence Investigation Report ("PSI")[4] found Holmes had a total offense level of 31 and a criminal history of VI, with a guideline range of 188-235 months.[5] The PSI also noted Holmes qualified for sentencing as a career offender pursuant to USSG § 4B1.1 because he had at least two prior felony convictions for either a qualifying controlled substance offense or a crime of violence.[6]

A Pre-Sentencing Memorandum[7] and an Objection to the PSI[8] was filed by Holmes's trial counsel. In Holmes's Pre-Sentencing Memorandum, Holmes's attorney asked for a downward deviation and proposed a sentence between 70 and 87 months.

After the sentencing, Holmes filed a Notice of Appeal[9] and appealed the sentence. On appeal, Holmes maintained his sentence of 204 months was substantively unreasonable and that the District Court erroneously balanced the 18 U.S.C. § 3553(a) factors. On May 17, 2023, the United States Court of Appeals for the Fifth Circuit affirmed Holmes's sentence.[10]

On May 16, 2023, Holmes filed a pro-se Motion to Reduce Sentence,[11] entitled a "Motion to Declare a Policy Disagreement with Methamphetamine Guidelines Pursuant to First Step Act." After an opposition and reply, this Court DENIED the motion on July 27, 2023.[12] Holmes also filed a Motion to Produce Distribution Films,[13] which was DENIED on July 11, 2023.[14]

---

[4] [Doc. No. 45]
[5] [Doc. No. 45, p. 18, ¶ 86]
[6] A 2004 conviction for aggravated second degree battery and a 2010 conviction for distribution of cocaine [Doc. No. 45, p. 9]
[7] [Doc. No. 39]
[8] [Doc. No. 35]
[9] [Doc. No. 46]
[10] [Doc. No. 51]
[11] [Doc. No. 50]
[12] [Doc. No. 58]
[13] [Doc. No. 55]
[14] [Doc. No. 56]

In the present Motion to Vacate, Holmes alleges his trial counsel and appellate counsel were legally ineffective by:

(1)   not making the Government prove Holmes actually distributed drugs;

(2)   not objecting to the PSI that the charge of Second Degree Battery does not qualify as a crime of violence used to enhance Holmes as a career offender;

(3)   not objecting to the one (1) point for disturbing the peace;

(4)   not filing a motion for a categorial disagreement with the methamphetamine guidelines; and

(5)   failing to submit Holmes' Pro Se brief that argued that aggravated second degree battery was not a crime of violence.

The issues are briefed, and the Court is prepared to rule.

## II.   LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28

4

U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

    A.    **Analysis**

The Court will now analyze Holmes' claim that his trial attorney and appellate attorneys were ineffective.

### 1. Failing to Make the Government Prove Holmes Actually Distributed Drugs

Holmes plead guilty to Count One of the Indictment. In applying *Strickland* to cases involving guilty pleas, to show prejudice, a defendant is required to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The test is objective and turns on what a reasonable person in the defendant's shoes would do. *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988).

Holmes plead guilty to Count One, under a plea agreement where Count Two and Count Three were dismissed. The PSI[15] indicated that from December 22, 2020, through April 7, 2021, Holmes engaged in five separate transactions involving the sale of methamphetamines. All sales involved a reliable confidential informant, and several of the transactions (including Count One) involved audio and video recording equipment. When he plead guilty to Count One, Holmes stated, under oath, that his plea was voluntary,[16] that he was satisfied with the job his attorney had done[17] and that no one had threatened him, tricked him, or forced him to plead guilty.[18] Holmes also testified that he was not made a promise as to what his sentence was going to be[19] and also testified that, as charged in Count One, he distributed more than five grams of methamphetamine.[20] Holmes further stated he had no disagreement with the written factual basis[21] in the Rule 11 package, which stated that Holmes distributed methamphetamine of more than five grams on March 29, 2021.

---

[15] [Doc. No. 45, pp. 4-7]
[16] [Doc. No. 47, pp 14-15]
[17] [Doc. No. 47, p. 4]
[18] [Doc. No. 47, p. 11]
[19] [Doc. No. 47, p. 12]
[20] [Doc. No. 47, p. 14]
[21] [Doc. No. 32-2]

Holmes' attorney was not ineffective in advising Holmes to plead guilty. Holmes admitted he committed the offense, the factual basis (which Holmes agreed with) showed the sale of 18.75 grams of methamphetamine was audio and video recorded, showing Holmes' face. This Court found Holmes' plea was knowing and voluntary.[22] Holmes has not established that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59.

### 2. Failing to Object to the Crime of Second-Degree Aggravated Battery Qualifying as a Crime of Violence.

Holmes maintains his attorney was ineffective in failing to object to the crime of second-degree aggravated battery being included as a crime of violence in the PSI. The second-degree aggravated battery charge was used to categorize Holmes as a Career Offender.

In his motion, Holmes cites the case of *United States v. Hernandez-Rodriguez*, 788 F.3d 193 (5th Cir. 2015) in support of his argument. However, as pointed out by the Government, *Hernandez-Rodriguez* does not stand for the proposition that second degree aggravated battery is not a crime of violence. Additionally, *Hernandez-Rodriguez* was expressly overruled by *United States v. Reyes-Contreras*, 910 F.3d 169, 187 (5th Cir. 2018). Holmes' appellate counsel informed Holmes of this on April 27, 2023.[23] Therefore, there was no ineffective assistance of counsel to make to a meritless argument.

### 3. Failure to Object to the One Criminal Point for Disturbing the Peace

Holmes maintains his attorney was ineffective in failing to object to the one point added to his Criminal History for a disturbing the peace conviction.[24] However, the point was correctly given. Pursuant to U.S.S.G. § 4A1.2(c)(1) the misdemeanor of disturbing the peace is counted if

---

[22] [Doc. No. 47, p. 15]
[23] [Doc. No. 59, p. 5]
[24] [Doc. No. 59, p. 2]

the term of imprisonment was at least 30 days. Since Holmes was sentenced to 30 days, it was correct for one Criminal History point to be added.[25]

Since the criminal history point was correctly added, Holmes' attorney was not ineffective in failing to object to it.

### 4. Failing to File Holmes' Motion for a Categorical Disagreement with the Methamphetamine Guideline

Holmes argues his attorney was ineffective in not filing a motion for a categorical policy disagreement with the methamphetamine guidelines. It appears this was a pro se brief sent by Holmes to be filed to the Fifth Circuit on appeal. However, there is no constitutional right to "hybrid representation." *United States v. Steinbrecher*, 112 F. App'x 987, 988 (5th Cir. 2004).

Additionally, Holmes evidently sent the motion himself to the Fifth Circuit and Holmes was informed that only his attorney could file documents on his behalf.[26] The record also reflects that Holmes's trial attorney filed a Sentencing Memorandum on Holmes's behalf, which argued that cases involving methamphetamine create disconcertingly high sentencing ranges[27] and asked for a downward direction.

Holmes has not met his burden in showing ineffective assistance of counsel for this claim.

### 5. Failing to Submit Holmes' Pro Se Brief Arguing That Aggravated Second Degree Battery Was Not a Crime of Violence.

Holmes argues that he had a viable argument that La. R.S. 14:34 was not a crime of violence and that his trial attorney was ineffective in failing to submit it. However, as previously discussed, the case cited by Holmes did not hold aggravated second degree battery was not a crime of violence and even if it had, the case cited had been overruled.

---

[25] [Doc. No. 45, p. 12, ¶ 56]
[26] [Doc. No. 66-1, p. 2]
[27] [Doc. No. 39, pp. 5-6]

### B. Evidentiary Hearing

Holmes requests a hearing. Evidentiary hearings on § 2255 motions are not necessary unless the defendant shows some indicia of viable issues in his motion. *United States v. Harrison*, 910 F.3d 824, 826-827 (5th Cir. 2018) (holding that an evidentiary hearing as to a § 2255 motion is not required "if (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that no hearing is necessary as to a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief").

The Court finds that Holmes has presented nothing showing that there are some viable issues within his motion. Therefore, he will not be granted a hearing.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Brandon Holmes's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 59] is **DENIED**.

**IT IS FURTHER ORDERED** that Holmes' request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's Memorandum Ruling [Doc. No. 68] is hereby **VACATED**.

MONROE, LOUISIANA, this 15th day of November, 2023.

                                     _____
                                     Terry A. Doughty
                                     United States District Judge