UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00302** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRANDON HOLMES** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is Defendant Brandon Holmes' ("Holmes") *pro se* Motion for Reduction of Sentence [Doc. No. 82]. An Opposition [Doc. No. 86] was filed by the United States of America (the "Government"). No reply was filed by Holmes.

For the reasons set forth below, Holmes' Motion is **DENIED**.

### I. BACKGROUND

On June 2, 2022, Holmes pleaded guilty to the charge of knowingly and intentionally distributing methamphetamine.[1] The U.S. Probation Office prepared a presentence investigation, and its report noted that Holmes qualified as a "career offender," under U.S.S.G. § 4B1.1, because he had at least two prior felony convictions for either a serious drug offense or a crime of violence.[2] The prior felonies included a 2004 conviction for aggravated second degree battery and a 2010 conviction for distribution of crack cocaine.[3] Thus, the sentencing guideline range for Holmes was 188 to 235 months.[4] On September 13, 2022, this Court sentenced Holmes to 204 months of imprisonment.[5]

---

[1] [Doc. No. 54, p. 2].
[2] [Doc. No. 36, p. 9].
[3] [Id.].
[4] [Id. ¶¶ 85-88].
[5] [Doc. No. 41, p. 1].

On May 16, 2023, Holmes filed a "Motion to Declare a Policy Disagreement with Methamphetamine Guidelines Pursuant to First Step Act."[6] The Court denied the motion on July 27, 2023.[7] On August 21, 2023, Holmes filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel.[8] The motion to vacate was denied on November 15, 2023.[9]

The pending Motion for Reduction of Sentence was filed on October 1, 2024.[10] Holmes seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and the First Step Act of 2018.[11] Specifically, Holmes makes three principal arguments: (1) that the Court erred at sentencing by designating him as a "career offender"; (2) that there was "tainted testimony" by Investigator Ryan Baker; and (3) that he has now suffered the "cumulative effects" of both his first and second arguments combined.[12]

The Government opposes the Motion, and relies on three counterpoints.[13] First, the Government alleges that Holmes has not exhausted his administrative remedies before filing his motion, as required by the First Step Act.[14] Next, the Government argues that even if Holmes exhausted his administrative remedies, the Court should dismiss the Motion because he has failed to show an extraordinary and compelling reason for the reduction in his sentence.[15] Alternatively, the Government maintains that a reduction in Holmes' sentence would be inconsistent with the factors considered under 28 U.S.C. § 3553(a).[16]

---

[6] [Doc. No. 50].
[7] [Doc. No. 58].
[8] [Doc. No. 59].
[9] [Doc. No. 69].
[10] [Doc. No. 82].
[11] [Doc. No. 82].
[12] [Id.].
[13] [Doc. No. 86].
[14] [Id., p. 5-9].
[15] [Id., p. 9-10].
[16] [Id., 10-12].

The issues have been briefed, and the Court is prepared to rule.

## II. LAW & ANALYSIS

### A. Legal Standard

A motion for reduction of sentence is commonly referred to as a motion for compassionate release under the First Step Act of 2018 ("FSA"). *United States v. Gonzales*, 850 Fed. Appx. 309 (5th Cir. 2021). A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010) (cleaned up). Additionally, courts may not modify a term of imprisonment once it has been imposed, unless (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) where the defendant was sentenced based on a retroactively lowered sentencing range. 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements.

### B. Administrative Remedies

Before the Court considers reducing a defendant's imprisonment term, the defendant must exhaust all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The defendant must first present his request to the Bureau of Prisons ("BOP"), which permits it to evaluate the defendant's current circumstances. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). In other words, until the defendant has exhausted all administrative remedies, the Court lacks jurisdiction to consider the motion. *See United States v. Garcia*, 606 F. 3d 209, 212 n.5 (5th Cir. 2010) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. §1582."). Further, the exhaustion

requirements are mandatory and cannot be waived by the defendant or this Court. *United States v. Koons*, 455 F. Supp. 3d 285, 289 (W.D. La. 2020).

### C. Holmes' Motion

Here, Holmes has not alleged that he exhausted all administrative remedies. Rather, Holmes seeks direct relief from this Court and makes no indication that he requested compassionate release with the warden at FCI Forrest City, that the request was denied, or that the request has gone unanswered for 30 days. *See* 18 U.S.C. § 3582(c)(1)(A). Further, the Government states that it contacted the BOP's regional counsel who confirmed that as of October 24, 2024, Holmes has not filed any administrative request seeking relief.[17] Thus, where "Congress specifically mandates, exhaustion is required." *Koons*, 455 F. Supp., at 289.

Without evidence that Holmes exhausted his administrative remedies, this Court must enforce the rule mandated by Congress and deny Holmes' Motion to Reduce Sentence.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that Defendant Brandon Holmes's *pro se* Motion for Reduction in Sentence [Doc. No. 82] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

MONROE, LOUISIANA, this 27th day of November, 2024.

_____
Terry A. Doughty
United States District Judge

---

[17] [Doc. No. 86, p. 8-9].